IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 20, 2002

## STATE OF TENNESSEE v. NKOBI I. DUNN

**Direct Appeal from the Criminal Court for Washington County**
**No. 25433     Robert E. Cupp, Judge**

**No. E2001-02120-CCA-R3-CD**
**December 23, 2002**

Pursuant to the judicial diversion statute, the Defendant pled guilty to possession of drug paraphernalia, a Class A misdemeanor, and possession for resale of less than .5 grams of a Schedule II controlled substance, a Class C felony. The plea was entered pursuant to Tennessee Code Annotated § 40-35-313, otherwise referred to as judicial diversion, and the trial court placed the Defendant on probation for three years. Approximately six months later, a probation violation warrant was issued against the Defendant, alleging that he had tested positive for marijuana use. An amended probation violation warrant was subsequently filed, alleging that the Defendant had failed to make payments on court costs and had failed to pay child support, the latter being a special condition of probation. The Defendant pled guilty to violating his probation and the trial court revoked the Defendant's probation. Without conducting a sentencing hearing, the trial court entered judgments sentencing the Defendant to concurrent sentences of eleven months and twenty-nine days to serve in the county jail for the paraphernalia conviction and three years to serve in the Tennessee Department of Correction for the felony drug conviction. After reviewing the record, we reverse the judgments of the trial court and remand for a sentencing hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Reversed
and Remanded**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which GARY R. WADE, P.J., joined. JAMES CURWOOD WITT, JR., J., filed a concurring opinion.

Deborah Black Huskins, Assistant Public Defender, Johnson City, Tennessee, for the appellant, Nkobi I. Dunn.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; Joe C. Crumley, Jr., District Attorney General; Steven R. Finney and Dennis Dwayne Brooks, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

## I. Background

The Washington County Grand Jury indicted the Defendant for operating a motor vehicle while his privilege to do so was suspended, cancelled, or revoked; possession of drug paraphernalia, to-wit: an electronic scale; and possession of a Schedule II controlled substance with intent to manufacture, deliver, or sell such controlled substance, to-wit: 0.2 grams of crack cocaine. The Defendant entered guilty pleas to the paraphernalia and crack cocaine charges pursuant to a plea agreement involving Tennessee Code Annotated § 40-35-313(a)(1)(A), commonly known as judicial diversion. The driving with a suspended license charge was dismissed. On August 25, 2000, the Defendant was placed on probation for three years. On February 20, 2001, the trial court issued a warrant alleging that the Defendant had violated the conditions of his probation by testing positive for marijuana use. The warrant was later amended to include allegations that the Defendant had failed to pay his court costs and child support.

On July 31, 2001, the Defendant appeared in court with counsel. After a brief discussion in open court involving the trial judge, counsel for the Defendant, and the Defendant, the case was concluded as follows:

> **THE COURT**: Let me ask him this. Where have you worked at since I put you on probation last August?
> **[THE DEFENDANT]**: I haven't worked anywhere. I've been applying for jobs but no one will hire me.
> **THE COURT**: Applying for jobs. How do you plead to Violation of Probation?
> **[THE DEFENDANT]**: Guilty.
> **THE COURT**: Upon your plea of guilty, the court finds you guilty of Violation of Probation. This sentence ordered served. You're in the hands of the sheriff. Anything else ready?
> **[THE STATE]**: Judge, did you set aside the diversion in that case?
> **THE COURT**: Was diversion granted?
> **[THE STATE]**: Yeah.
> **THE COURT**: You'll need to do an order, a judgment, new judgment showing that diversion is set aside.

The Defendant contends that the trial court erred in failing to sentence the Defendant in accordance with the "standard provisions of the Sentencing Act." We agree.

## II. Analysis

The decision to revoke probation is in the sound discretion of the trial judge. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). The judgment of the trial court to revoke probation will be upheld on appeal unless there has been an abuse of discretion. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). To find an abuse of discretion in a probation revocation case, the record must be void of any substantial evidence that would support the trial court's decision that a violation of the conditions of probation occurred. Id.; State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). Proof of a probation violation

is sufficient if it allows the trial court to make a conscientious and intelligent judgment. State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984).

In this case, the Defendant stated that he was guilty when asked to plead to the allegation that he violated his probation. By pleading guilty to the allegations of the violation warrants, the Defendant conceded that there was an adequate basis for a finding that he had violated the terms of probation. See State v. Michael Emler, No. 01C01-9512-CC-00424, 1996 Tenn. Crim. App. LEXIS 737, at * 4 (Tenn. Crim. App., Nashville, Nov. 27, 1996) (stating that where the defendant admits violation of the terms of probation, revocation by the trial court is not arbitrary or capricious); State v. Mitzi Ann Boyd, No. 03C01-9508-CC-00246, 1996 Tenn. Crim. App. LEXIS 690, at * 3 (Tenn. Crim. App., Knoxville, Nov. 1, 1996).

However, our inquiry does not end here. Because the Defendant entered his plea pursuant to Tennessee Code Annotated § 40-35-313(a)(1)(A), the plea was entered without the entry of a judgment of guilt, and further proceedings were deferred. The statute calls for a defendant to be placed on probation with reasonable conditions for not less than the period of the maximum sentence for the misdemeanor offense with which a defendant is charged, or not more than the maximum sentence for the felony offense with which the defendant is charged. Id. Upon a violation of probation, the court may then enter an adjudication of guilt and proceed to sentencing a defendant for the original offense. Id. § 40-35-313(a)(2); State v. Johnson, 15 S.W.3d 515, 517 (Tenn. Crim. App. 1999). Sentencing shall proceed pursuant to the standard provisions of the sentencing act. Johnson, 15 S.W.3d at 519; see also Tenn. Code Ann. §§ 40-35-101 to -504.

It is apparent that the trial court was initially proceeding under the erroneous assumptions that judgments of guilt had previously been entered and that the Defendant had received a probated sentence. The trial court found the Defendant guilty of violating probation and ordered the Defendant to serve his sentence. However, the Defendant's right to a sentencing hearing was overlooked by the trial court. The Defendant was entitled to, but did not receive, a sentencing hearing at which he would have had the opportunity to present mitigating factors and request alternative sentencing. Because the cocaine charge is a Class C felony, the Defendant would be presumed a favorable candidate for alternative sentencing and would have had the opportunity to prove to the trial court his suitability for a probated sentence. The Defendant was not sentenced in accordance with Tennessee Code Annotated §§ 40-35-101 to -504.

For these reasons, we REVERSE the judgments of the trial court and REMAND this case to the trial court for a sentencing hearing.

_____
ROBERT W. WEDEMEYER, JUDGE